UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DONNIE R. McCONNELL** | **CIVIL ACTION NO. 3:13-cv-2926** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **JUDGE SHARON MARCHMAN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Donnie R. McConnell, proceeding *pro se* and *in forma pauperis*, filed the instant civil action on October 21, 2013. On some unspecified date, McConnell was civilly committed to the psychiatric unit at the E.A. Conway Hospital by Judge Sharon Marchman of the Fourth Judicial District Court. He claims now that he is a United States Marshal and a Texas Ranger with authority over the President and the United States Supreme Court. He further claims to have legal papers on file in the United States Attorney General's Office to establish his "power" in both the United States and Canada. He sued Judge Marchman praying for his immediate release from custody and for money damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the civil action be **DISMISSED.**

*Law and Analysis*

*1. Screening*

Mr. McConnell is not a prisoner.[1] However, he has been allowed to proceed *in forma pauperis* in this civil action and therefore the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.§ 1915.[2]

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). Nevertheless, in order to be afforded the benefits of this assumption a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.

---

[1] See 28 U.S.C. §1915(h) which defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

[2] Section 1915(e)(2)(B) applies equally to prisoner as well as nonprisoner *in forma pauperis* cases. See *Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir.2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir.2002) (affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)).

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); see also *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97. The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Mr. McConnell's pleadings allege NO provable facts and are clearly fanciful, fantastic, and delusional, and dismissal on that basis alone would be appropriate. However, that is not the only ground that warrants dismissal of this civil action.

## 2. Immunity

To the extent that McConnell seeks money damages from Judge Marchman, his complaint must be dismissed for seeking money damages from a defendant who is immune from suit. It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for

damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Id.* at 10, 112 S.Ct. 286 (citation omitted). Judicial immunity is a matter of policy and is necessary because a judge "... should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption [and] [i]mposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). Consequently, judicial immunity cannot be overcome even by allegations of bad faith or malice; such immunity "applies even when the judge is accused of acting maliciously and corruptly." *Id.* at 11, 112 S.Ct. 286 (internal quotation marks and citation omitted). In determining whether a judge is entitled to immunity, "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993).

Judicial immunity can only be defeated by showing that the judge's actions were of a non-judicial nature or that he acted in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991). In determining whether the complained of actions were non-judicial in nature, that is to say, whether the judge acted outside the scope of his judicial capacity, the court should consider a variety of factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Malina*, 994 F.2d at 1124 (citation omitted). These factors must be broadly construed in favor of immunity. *Id.*

In deciding whether absolute judicial immunity applies, a court should consider the nature of the act taken, namely whether it is a function normally performed by a judge, and the expectations of the parties, namely whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). McConnell faults Judge Marchman for her rulings in a civil commitment proceeding that resulted in McConnell's commitment. As such, she is entitled to absolute judicial immunity and McConnell's claim for money damages must be dismissed.

### 2. Habeas Corpus

In addition to money damages, McConnell prayed for his immediate release from custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a *habeas corpus* action. To the extent that he maintains that his custody is pursuant to the judgment of a state court, he must seek relief in a

petition for *habeas corpus* pursuant to 28 U.S.C. §2254; to the extent that he otherwise claims that his commitment is in violation of the Constitution and laws of the United States, he must seek relief in a petition filed pursuant to 28 U.S.C. §2241. In either case, he must first exhaust available state court remedies by fairly presenting the substance of his Constitutional claims to Louisiana's three tiered court system.  Louisiana law provides for review of all commitment orders by the various Courts of Appeal as well as the right to seek *habeas corpus* relief in the State courts. See La. R.S.28:56.[3] It is clear from the pleadings that McConnell has not sought review of his civil commitment in the Louisiana Courts.

Therefore, to the extent that McConnell seeks relief from the commitment order in the context of a civil rights action, he fails to state a claim for which relief may be granted.  To the extent that he seeks release *via* a petition for *habeas corpus*, his petition must likewise be dismissed because it is abundantly clear that he failed to exhaust available State court remedies prior to filing his federal suit.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that McConnell's civil action be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for

---

[3] La. R.S.28:56(D) and (E) provide, "A person who is judicially committed shall be allowed to appeal devolutively from the order to the court of appeal. If the lower court finds the individual indigent, it shall allow the appeal to be taken in forma pauperis. Upon perfection of an appeal, it shall be heard in a summary manner, taking preference over all other cases except similar matters ...Upon affirmation of the order of commitment, the individual may apply for appropriate writs from the supreme court which shall be heard in a summary manner." Subsection (F) provides, "Nothing in this Title shall deny the right of *habeas corpus*, including an application based upon a change of circumstances."

seeking money damages against a party who is immune from suit, all in accordance with the provisions of 28 U.S.C. § 1915.

**IT IS FURTHER RECOMMENDED** that McConnell's petition for *habeas corpus* relief be **DISMISSED** for failing to exhaust available State court remedies.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996),** *superceded by statute on other grounds***, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).**

In Chambers, Monroe, Louisiana, December 17, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE